J-A31043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELVIN M. JACKSON, JR., | |
| Appellant | No. 610 MDA 2015 |

Appeal from the Judgment of Sentence March 6, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0000828-2014
CP-36-CR-0002604-2013

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED JANUARY 21, 2016**

Appellant, Kelvin M. Jackson, Jr., appeals from the judgment of sentence imposed on March 6, 2015 after revocation of his probation and parole.  Appellant argues that an aggregate sentence of two and one-half to five years' incarceration was manifestly excessive and an abuse of the court's discretion.  We affirm.

The trial court aptly summarized the history of this case as follows:

> On Docket 2604-2013, [Appellant] was charged with two counts of aggravated assault and one count of possession of a firearm by a minor.[1]  On December 17, 2013, [Appellant] pled

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(4), 6110.1(a) respectively

guilty to two counts of recklessly endangering another person[2] and the possession of a firearm by a minor charge. [Appellant] received a sentence of time served to [twenty-three] months[' incarceration] on each of the reckless endangerment counts, to be run concurrent, and to a consecutive term of three years of probation for the possession of a firearm by a minor. On Docket 0828-2014, [Appellant] was charged with DUI general impairment, intentional possession of a controlled substance by a person not registered, false identification to law enforcement officer, minor prohibited from operating with any alcohol in system, purchase of an alcoholic beverage by a minor, driving while operating privilege is suspended or revoked, and driving on roadways laned for traffic.[3] On June 18, 2014, [Appellant] pled guilty to all charges on [D]ocket 0828-2014. [Appellant] received a sentence of [seventy-two] hours to [six] month[s' incarceration] on the DUI count, one year probation each on the intentional possession and false identification charges, to be concurrent with incarceration, and [a] fine and costs on the summary charges.

[Appellant] failed to report to his regularly scheduled probation appointments. A capias was issued on July 30, 2014. An amendment was issued on August 7, 2014 to include a violation based on [Appellant's] new criminal charges. . . . On September 25, 2014, an amendment was issued to include a new set of criminal charges, including fleeing or attempting to elude police, receiving stolen property, recklessly endangering another person, reckless driving, traffic control signal, and driving on a suspended license. . . . On December 12, 2014, [Appellant] proceeded to the probation violation hearing before this court. [Appellant] stipulated that he violated his parole and the court found [him] in violation of his probation. Accordingly, the court revoked his parole. As there was a possibility of a state prison sentence, the court directed the adult probation and parole office to prepare a pre-sentence investigation [report (PSI)]. . . .

---

[2] **See** 18 Pa.C.S.A. § 2705.

[3] **See** 75 Pa.C.S.A. § 3802(a)(1), 35 P.S. § 780-113(a)(16), 18 Pa.C.S.A. § 4914(a), 75 Pa.C.S.A. § 3718(a), 18 Pa.C.S.A. § 6308(a), 75 Pa.C.S.A. §§ 1543(a), 3309(1) respectively.

(Trial Court Opinion, 5/08/2015, at 1-3) (footnotes and unnecessary capitalization omitted).

On March 6, 2015, with the benefit of the PSI, the court sentenced Appellant to an aggregate sentence of not less than two and one-half nor more than five years' incarceration. (*See* N.T. Sentencing, 3/06/15, at 15-16). The court denied Appellant's timely post-sentence motion on April 1, 2015. This timely appeal followed.[4]

Appellant raises one question for our review:

I. Was an aggregate sentence of two and one-half to five years['] incarceration for violations of probation and parole manifestly excessive and an abuse of the court's discretion?

(Appellant's Brief, at 4).

Appellant's issue challenges the discretionary aspects of his sentence. This Court has concluded that a challenge to a discretionary sentencing matter after revocation proceedings is within the scope of its review.

Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether

---

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on May 4, 2015. *See* Pa.R.A.P. 1925(b). The court filed its opinion on May 8, 2015. *See* Pa.R.A.P. 1925(a).

Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because . . . [Appellant] must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)[, *appeal denied*, 77 A.3d 1258 (Pa. 2013)] (citations omitted); *see also **Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.") [(citation omitted)].

***Commonwealth v. Colon***, 102 A.3d 1033, 1042-43 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015).

Here, Appellant has properly preserved his issue by filing a post-sentence motion for reconsideration of sentence, which the trial court denied, and a timely appeal. Appellant's brief contains a Rule 2119(f) concise statement of reasons. (***See*** Appellant's Brief, at 9-10). In it, Appellant argues that the sentence "was manifestly excessive and an abuse of the court's discretion . . . [and] that the court failed to consider his rehabilitative potential, as required by 42 Pa.C.S.[A.] § 9721, and focused exclusively on the gravity of the parole violations and their impact on the community." (***Id.*** at 9). This claim raises a substantial question. ***See***

*Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (holding that claim sentence was unduly excessive together with claim court failed to consider rehabilitative needs and mitigating factors in fashioning sentence, presents substantial question). Accordingly, we will review Appellant's question.

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Colon*, *supra* at 1041 (citation omitted). Additionally,

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S.A. § 9771(c).

*Id.* at 1044.

Here, the record reveals that Appellant stipulated that he violated his probation. (*See* N.T. Probation Violation Hearing, 12/12/14, at 2-3). In addition, at the sentencing hearing, the court considered Appellant's age, maturity, his education and work history, his prior criminal record, his prior parole violations, the PSI, the penalties authorized by the legislature, the character and statements of Appellant, and Appellant's need for psychotherapy and drug and alcohol counseling. (*See* N.T. Sentencing Hearing, 3/06/15, at 13-15). Ultimately, the court decided that "[i]ncarceration is warranted because a lesser sentence would depreciate the seriousness of his behavior, the seriousness of his prior record, and the fact that he continues to commit significant criminal violations." (*Id.* at 15). Furthermore, we note that the sentence imposed was below the maximum sentence that the court could have imposed at Appellant's initial sentencing. *See Colon*, *supra* at 1044.

Upon review, we discern no error of law or abuse of discretion. *See Colon*, *supra* at 1041. The record amply supports that the trial court considered the appropriate factors in determining that revocation and a sentence of incarceration was warranted. Accordingly, Appellant's issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/21/2016